UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES WHITFIELD,

                Petitioner,

v.                                    9:20-CV-0962
                                          (BKS/CFH)

SHERIFF COLLEEN O'NEILL,

                Respondent.

---

APPEARANCES:                                      OF COUNSEL:

JAMES WHITFIELD
143063
Petitioner, pro se
Jefferson County Jail
Watertown, NY 13601

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner James Whitfield seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). The Court also received the filing fee along with the present petition. Dkt. Entry for Pet. (identifying the receipt information for the filing fee transaction).

### II.    THE PETITION

Petitioner states that on March 3, 2020, he was arrested and charged with second degree criminal possession of a weapon. Pet. at 1, 6.[1] Petitioner entered a not guilty plea. *Id.* 1-2, 7. An indictment was handed down on July 22, 2020; however, petitioner has not yet

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

gone to trial.  *Id.* at 2.

Petitioner argues that the criminal charge is not supported by probable cause and the prosecutor cannot establish the elements of possession or operability of the weapon.  Pet. at 2, 7-8.  Petitioner asks this Court to dismiss the indictment and release him from custody.  *Id.* at 3, 8-9.  For a complete statement of petitioner's claims, reference is made to the petition.

## III.    DISCUSSION

Petitioner requests that this Court dismiss the pending indictment because the charges against him are legally insufficient.  Pet. at 8-9.  "Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings."  *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).  Accordingly, this Court cannot provide petitioner with the relief requested; therefore, the petition is dismissed.

Liberally construing petitioner's filing, to the extent petitioner is seeking habeas corpus relief to fix or reduce bail or to compel his trial pursuant to his speedy trial rights, such claims and prayers for relief are at least available.  *See Brodeur v. Warden, Eric M. Taylor Ctr.*, No. 1:12-CV-5545, 2013 WL 1686527, at *2-*3 (E.D.N.Y. Apr. 18, 2013).  However, regardless of whether petitioner makes those challenges to bail and his speedy trial rights now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court.  *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining

2

the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

Here, petitioner does not allege that he has filed a state habeas petition or otherwise fully exhausted his available state court remedies before filing the instant petition. Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and unexhausted.  Petitioner may re-file any claims, not related to dismissal of his pending state prosecutions, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: August 31, 2020

*Brenda K Sannes*
Brenda K. Sannes
U.S. District Judge